Relators application for supervisory relief sets forth six assignments of errors which he contends entitle him to relief. Each assignment will be addressed in the order presented.
FOR THE REASONS WHICH FOLLOW, THE WRIT IS DENIED.

Assignment of Error Number 1

The trial court committed reversible error in arbitrarily setting a ceiling for funds for the investigator for the defendant in view of the evidence.
We note that the appointment of an investigator rests with the sound discretion of the trial judge. State v. Madison, 345 So.2d 485, 490 (La.1977). Relator argues that the ceiling placed on the funds is detrimental to the preparation of his defense. Initially, we find the issue premature; the money has yet to be fully expended; nevertheless, the defense is requesting that more be granted without a showing of compelling need. State v. Monroe, 397 So.2d 1258 (La.1981). Furthermore, in view of the fact that the defendant has two appointed attorneys in addition to an investigator, and is local to this area, we find the $3500.00 grant adequate at this time.

Assignment of Error Number 2

The trial court committed reversible error in denying the defendant funds for hiring experts to assist him in the preparation of his defense.
The trial judge denied the defendant’s request for (1) an expert in the field of sex-related crimes, (2) an expert in the field of hair analysis and (3) the assistance of the National Center on Institutions and Alternatives to prepare a psychosocial history of the defendant.
We have examined the relator’s requests and find that no compelling need for these experts has been established. See State v. Monroe, supra.

Assignment of Error Number 3

The trial court committed reversible error in denying the defendant’s request for a subpoena duces tecum requesting that the state produce exculpatory evidence in its possession.
The trial judge conducted an in camera inspection of the documents requested by the defense in its subpoena duces tecum and concluded that no evidence contained in the documents was exculpatory so as to be discoverable pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). As was noted by the court in State v. Sylvester, 388 So.2d 1155, 1160 (La.1980), one of the advantages of providing an in camera inspection of alleged Brady material is that “this procedure, by which the trial court exercises discretion in determining materiality, provides a method of efficient review of that decision by direct appeal and avoids the less efficient post-conviction applications and hearings related to alleged constitutional errors not contained in the record.”
Thus, in the event Brady violations have occurred, it appears that the relator has an adequate remedy on appeal. Accordingly, the subpoena request was properly denied.

Assignment of Error Number 3A

The trial court committed reversible error in failing to rule the confession made by the defendant should be suppressed.
Defense counsel bases this assignment on four contentions:
*377 (1)Defendant’s right to counsel was not scrupuously honored because the defendant requested an attorney but was not provided with one.
(2) Defendant’s physical condition was affected by the drugs he was given, which rendered his confessions involuntary.
(3) Defendant’s statements were derived directly from his illegal detention, for, at the time defendant was taken into custody, there was neither a warrant for his arrest nor probable cause to believe that the defendant had committed a crime.
(4) Defendant’s statements were obtained through the use of deceit, direct and implied promises, and improper inducement by law enforcement officers. Thus his psychological condition rendered him incapable of voluntarily giving a confession.
We have carefully reviewed the record, and transcript including the proffer and exhibits, and find that defense counsel’s argument lacks merit. We find that the defendant’s right to counsel was honored. The record reflects that questioning of the defendant ceased on August 7, 1985 upon his request for counsel and was reinstituted the following day only upon the defendant’s written request. Edward v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). In the instant case, the defendant’s physical condition did not affect the voluntariness of his confessions. Although intoxication is a factor to be considered in assessing voluntariness, our examination of the record does not provide any indication that defendant’s ability to comprehend his right to remain silent was affected to any degree by intoxication or drug usage. State v. Simmons, 443 So.2d 512 (La.1983); State v. Mitchell, 437 So.2d 264 (La.1983). Neither were defendant’s statements derived from his illegal detention. At the time of his confession, Wille had been lawfully arrested for arson and was not incarcerated as a result of the charge at issue. Finally, we do not find the record supports the contention that any promises or improper inducements were made by law enforcement officers. The review of the record reveals that on several occasions the defendant was informed of all his rights and in each instance knowingly and voluntarily waived them,

Assignment of Error Number ⅛

The trial court abused its discretion and committed reversible error in failing to order the out-of-state witnesses subpoenaed by the defendant to appear.
The record reflects that on June 23, 1985 the defense requested that subpoenas issue to several personnel in the Santa Rosa Police Department to insure their presence for the July 7, 1986 hearing. Judge Caire signed the order on the same date. However, at the suppression hearing on the 7th the witnesses did not appear because the subpoena had not yet been served. Following the presentation of the State’s case, the trial judge recessed the hearing and ordered the defense counsel to contact the requested witnesses to determine the nature of their testimony. A hearing in chambers was held on July 31, 1986. At this hearing, which was transcribed and is contained in the record, defense counsel outlined the testimony sought to be elicited from each witness. The trial judge determined that the witnesses’ testimony was cumulative and not relevant to the issue before the court, i.e., the voluntariness of the confession, and declined to reissue the subpoenas or to extend the recess of the suppression hearing further. Because we find no abuse of the trial judge’s discretion, and because the testimony sought to be elicited is available by way of proffer, we find the error lacks merit.

Assignment of Error Number 5

The trial court committed reversible error in its denial of the defendant’s request for the suppression of the identification and the Quashing of the indictment.
With regard to the suppression of the identification, relator does not present any facts which demonstrate that the procedure utilized by the officer conducting *378 the photo lineup resulted in an unreliable identification. The allegation lacks merit.
With regard to the quashing of the indictment due to the presence of an unqualified grand juror, the transcript does not support the relator’s contention that the Grand Jury was improperly constituted. Thus, this allegation likewise lacks merit.
For the foregoing reasons the writ is denied.